**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| CONNIE J. SHARKEY, ) | |
| ) | |
| Petitioner, ) | Case No. CV 07-176-S-LMB |
| ) | |
| v. ) | |
| ) | **MEMORANDUM DECISION** |
| COMMISSIONER, SOCIAL SECURITY ) | **AND ORDER** |
| ADMINISTRATION, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Currently pending before the Court is Connie J. Sharkey's Petition for Review of the final decision of Commissioner of Social Security (Docket No. 1) denying her claim for Social Security disability benefits under Title II of the Social Security Act, 42 U.S.C. § 301, *et seq*. This action is brought pursuant to 42 U.S.C. § 405(g). Having carefully reviewed the record, and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

**I.**

**ADMINISTRATIVE PROCEEDINGS**

On January 14, 2004, Connie J. Sharkey ("Petitioner" or "Claimant") applied for a period of disability and disability insurance benefits under Title II (AR 47, 48-50). Plaintiff initially alleged disability beginning July 1, 1998, due to back and foot injuries sustained in an airplane crash in 1988. (AR 48, 58, 101). Petitioner later changed her on-set date to July 1, 2002 to correspond to her 50th birthday. (AR 237).

**MEMORANDUM DECISION AND ORDER - 1**

Petitioner's application was denied initially on April 24, 2004 (AR 32) and again upon reconsideration on September 13, 2004 (AR 37).  On October 18, 2004, Petitioner filed a timely request for a hearing before an Administrative Law Judge ("ALJ").  (AR 42).  The ALJ held a hearing on February 13, 2006 at which time Petitioner, represented by counsel, appeared and testified along with impartial vocational expert, Karen S. Black.  (AR 233-34).

On June 2, 2006, the ALJ issued a decision denying Petitioner's claim for benefits.  (AR 13).  The ALJ further found that, through the date last insured, Petitioner had severe impairments in her spine and her left feet/ankle, but her impairments did not meet any listing requirements under 20 CFR Part 404, Subpart P, Appendix 1 and Petitioner had the residual functional capacity to do her previous relevant work as a book keeper.  (AR 17-22).

Petitioner requested the Appeals Council review the ALJ's decision.  (AR 11).  Petitioner provided to the Appeals Council additional medical records obtained after the ALJ decision.  (AR 190).  The additional medical records are from St. Luke's Magic Valley Regional Medical Center and are dated September 21, 2006 through November 30, 2006 (AR 191-232).  These records stem from Petitioner's admission to the hospital for severe back and knee pain.  (AR 196).  Upon admission and testing, it was noted that Petitioner suffered from severe anemia and gastrointestinal bleeding (AR 191, 196).  According to the records, Petitioner experienced a history of back and hip pain but such pain was not a problem.  (AR 196).  Instead, Petitioner suffered knee pain and follow-up testing revealed issues with her gastrointestinal and urinary tracts.  (AR 196, 230).  Petitioner later was diagnosed with chronic kidney disease (AR 232).

The additional medical evidence was made part of the record before the Appeals Council.  (AR 8).  The Appeals Council denied Petitioner's request on January 26, 2007 making the ALJ's

**MEMORANDUM DECISION AND ORDER - 2**

decision the final decision of the Commissioner of Social Security. (AR 5). Having exhausted her administrative remedies, Petitioner timely filed the instant action arguing that the ALJ erred in determining that her previous work as a book keeper for her family business constitutes "past relevant work." *Petitioner's Brief*, p. 4 (Docket No. 10). In addition, Petitioner's brief highlights issues concerning her date last insured. *Id.* at p. 8. For relief, Petitioner requests that the ALJ's decision be reversed or, in the alternative, this matter be remanded in order to allow the ALJ an opportunity to further evaluate the evidence. *Id.* at 8.

## II.

## STANDARD OF REVIEW

It is undisputed that the burden of proof rests upon Petitioner to establish an entitlement to disability benefits. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). To be upheld, the Commissioner's decision must be supported by substantial evidence and be based on proper legal standards. 42 U.S.C. § 405(g) (2005); *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

Findings of the ALJ as to any fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Vidal v. Harris*, 637 F.2d 710, 712 (9th Cir. 1981). In other words, if there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence. *Hall v. Sec'y of Health, Educ. & Welfare*, 602 F.2d 1372, 1374 (9th Cir. 1979).

Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993); *Flaten v. Sec'y of Health & Human*

*Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). The standard requires more than a scintilla but less than a preponderance, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989), and "does not mean a large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the role of the Court is to review the record as a whole to determine whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *See Richardson*, 402 U.S. at 401; *see also Matney*, 981 F.2d at 1019. The ALJ is responsible for determining credibility and resolving conflicts in medical testimony, *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984), resolving ambiguities, *see Vincent ex. rel. Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984), and drawing inferences logically flowing from the evidence, *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). Where the evidence is susceptible to more than one rational interpretation in a disability proceeding, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Flaten*, 44 F.3d at 1457; *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985).

With respect to questions of law, the ALJ's decision must be based on proper legal standards and will be reversed for legal error. *Matney*, 981 F.2d at 1019. The ALJ's construction of the Social Security Act is entitled to deference if it has a reasonable basis in law. *See id*. However, reviewing federal courts "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987). Reviewing federal courts must bear in mind that the Social Security Act is remedial and should be construed liberally and "not so as to withhold benefits in marginal cases." *Id*. at 1095 (citation omitted).

**MEMORANDUM DECISION AND ORDER - 4**

## III.

## DISCUSSION

**A.     Sequential Process**

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a five-step, sequential process in determining whether a person is disabled within the meaning of the Act.  20 C.F.R. §§ 404.1520, 416.920 (1997).  The first step in the sequential process requires the ALJ to determine whether the claimant is engaged in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(I).  If the answer is in the affirmative, disability benefits are denied.  20 C.F.R. § 404.1520(b).  In the instant action, the ALJ concluded that Petitioner has not engaged in substantial gainful activity at any time relevant to the decision.  (AR 17).

The second step requires the ALJ to determine whether the claimant has a medically-severe impairment or combination of impairments.  20 C.F.R. § 404.1520(a)(4)(ii).  The ALJ found that Petitioner had the following severe impairments: "compression fracture T12 and L1 with post-surgical stabilization; fracture of the neck of the right talus, post surgical stabilization; fractures of the second and third metatarsal of the left foot, healed; and fractures of the nose and sternum by history."  (AR 17).

The third step in the evaluation process requires the ALJ to determine whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. § 404.1520(a)(4)(iii).  If the answer is in the affirmative, the claimant is disabled and benefits are awarded.  20 C.F.R. § 404.1520(d).  In this respect, after conducting a special review of listing 1.02A, the ALJ concluded that Petitioner's severe impairments do not meet or equal any listing of impairments.  (AR 18).

**MEMORANDUM DECISION AND ORDER - 5**

The fourth step of the evaluation process requires the ALJ to determine whether the claimant's residual functional capacity is sufficient for the claimant to perform past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). Here, the ALJ concluded that Petitioner has the residual functional capacity to perform past relevant work as a book keeper. (AR 19-21). Therefore, the ALJ determined that Petitioner was not disabled and skipped the fifth and final step.[1]

**B.    Analysis**

    **1.    Petitioner's Date Last Insured**

The ALJ's decision states conflicting findings regarding the Petitioner's date last insured. As explained further below, this constitutes reversible error.

To be entitled to Title II benefits, Petitioner must establish that she is insured for disability benefits and the onset of her disability occurred before the expiration of her insured status. *See Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998). An individual's date last insured for Social Security purposes is based on employee's earnings and the Social Security taxes paid on those earnings. *See Chapman v. Apfel*, 236 F.3d 480, 481 (9th Cir. 2000); 20 C.F.R. §§ 404.130, 404.312, 404.801. To determine insured status, the ALJ relies upon a claimant's earnings history and, absent evidence to the contrary, the Commissioner's earnings records are conclusive evidence regarding a claimant's earnings history. *See Chapman*, 236 F.3d at 481-82; 20 C.F.R. § 404.803.

---

[1] If it has been established that a claimant can no longer perform past relevant work, then the fifth step requires that the Commissioner show the claimant retains the ability to do alternate work and such alternate work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(f); *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993).

**MEMORANDUM DECISION AND ORDER - 6**

Prior to the hearing, and based on the Social Security Administration's earnings records for Petitioner, the ALJ determined that Petitioner was insured through December 31, 2003. (AR 235-36). At the hearing, Petitioner introduced a W-2 to suggest earnings in 1998 (AR 237 -38) and argues that such evidence would establish insurance through December 31, 2004. *Petitioner's Brief*, p. 8 (Docket No. 10).

The ALJ's decision does not adequately resolve this issue, as it contains contradictory conclusions at Findings (1) and (7). Finding (1) states: "The claimant last met the insured status requirements of the Social Security Act on December 31, 2004." (AR 17). In support of Finding (1), the decision first states, "This conclusion is based upon giving the claimant credit for her earnings made in 1998 and supported by the W-2 that has been submitted." *Id.* However, the remaining sentences in the paragraph conflict with this conclusion. Specifically, the ALJ noted that "the statute of limitations: three years, three months, and fifteen days has expired before this evidence has been submitted" and directed "the Social Security administration to scout for these earnings." *Id.* Thus, in direct conflict with the previous-stated rationale and the stated finding, the ALJ concluded, "[u]nless those earnings were established on Social Security records by March 15, 2002 they cannot be used to compute the claimant's benefits or her date last insured for benefits." *Id.*

Also in direct conflict with the stated Finding (1) is Finding (7). Finding (7) states that December 31, 2003 is Petitioner's "date last insured." (AR 22).

Because the ALJ's decision contains contradictory statements regarding the resolution of this issue, it is in error. The error is not harmless in light of the relative dearth of medical evidence in the record for the relevant time period and the degenerative nature of Petitioner's

**MEMORANDUM DECISION AND ORDER - 7**

alleged injuries. Therefore, the case must be remanded for determination of Petitioner's date last insured.[2]

### 2. Past Relevant Work

Petitioner argues that her previous work as the book keeper for the family business does not constitute past relevant work, as it was performed with significant accommodation. *Petitioner's Brief*, pp. 4-5 (Docket No. 10).

The Social Security Administration defines "past relevant work" as "work you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. 404.1565(a). The regulations further describe that "substantial gainful activity is work activity that is both substantial and gainful." 20 C.F.R. § 404.1572. "Substantial work activity is work activity that involves doing significant physical or mental activities." 20 C.F.R. § 404.1572(a). "Gainful work activity is work activity that you do for pay or profit." 20 C.F.R. § 404.1572(b).

Generally, the most important consideration in determining whether past work constitutes substantial gainful activity is the level of earnings derived from the activity. *See* 20 C.F.R. § 404.1574(a)(1). However, in determining whether work is substantial gainful activity, the ALJ must also consider the nature of the work, how well the claimant performed the work, whether the work was performed under special conditions, if the claimant is self-employed, and time spent at work. 20 C.F.R. 404.1573.

---

[2] Further, because the ALJ's analysis at steps two, three, and four of the five-step sequential process depends, in part, upon Petitioner's date last insured, the ALJ should review these determinations after clarifying the issue of Petitioner's date last insured to determine if further changes to the decision should be made.

**MEMORANDUM DECISION AND ORDER - 8**

It is undisputed that Petitioner's level of earnings and length of employment are highly indicative of substantial gainful employment. Petitioner worked as a book keeper for the family business from 1988-1999 and earned an annual salary between $24,000 and $36,000. (AR 51-55). Moreover, the semi-skilled and sedentary work was performed within three years of Petitioner's alleged onset date, thus demonstrating the type of work Petitioner knows how to perform. *See* 20 C.F.R. 404.1565. Nonetheless, Petitioner claims that her past work does not constituted substantial gainful activity, because she performed the work under special conditions that were allowed, because she worked for the family business. *Petitioner's Brief*, pp. 6-7 (Docket No. 10).

> The applicable regulations outline what constitutes "special conditions" as follows:
>
> If your work is done under special conditions, we may find that it does not show that you have the ability to do substantial gainful activity. Also, if you are forced to stop or reduce your work because of the removal of special conditions that were related to your impairment and essential to your work, we may find that your work does not show that you are able to do substantial gainful activity. However, work done under special conditions may show that you have the necessary skills and ability to work at the substantial gainful activity level. Examples of the special conditions that may relate to your impairment include, but are not limited to, situations in which - -
>
> (1) You required and received special assistance from other employees in performing your work;
>
> (2) You were allowed to work irregular hours or take frequent rest periods;
>
> (3) You were provided with special equipment or were assigned work especially suited to your impairment;
>
> (4) You were able to work only because of specially arranged circumstances, for example, other persons helped you prepare for or get to and from your work;
>
> (5) You were permitted to work at a lower standard of productivity or efficiency than other employees; or

**MEMORANDUM DECISION AND ORDER - 9**

> (6) You were given the opportunity to work despite your impairment because of family relationship, past association with your employer, or your employer's concern for your welfare.

20 C.F.R. § 404.1573(c).

Contrary to the Commissioner's argument, these limitations are not limited to work performed at a hospital or in a sheltered workshop. *See Respondent's Brief*, p. 7 (Docket No. 12). Such environments serve as examples or what may constitute work under special conditions. Moreover, contrary to what Petitioner's argument suggests, not all work performed under special conditions will be placed outside of the substantial gainful activity category. As the regulations describes, special conditions are simply a factor for the ALJ to consider and "work done under special conditions may show that you have the necessary skills and ability to work at the substantial gainful activity level." 20 C.F.R. § 404.1573(c).

The ALJ considered the facts that "claimant's past relevant work was performed in the family business" and "[s]he performed this work in a 'highly accommodated environment.'" (AR 22). Specifically, the ALJ noted that claimant was able to lie down when needed and worked limited hours. *Id.* In doing so, the ALJ recognized the applicable legal standard and, exercising his discretion, determined that Petitioner's previous work nonetheless constituted substantial gainful activity and past relevant work. Certainly, the longevity of the work experience and pay history are sufficient evidence to uphold this decision. Therefore, the ALJ satisfied the requirements of 20 C.F.R. § 404.1573(c).

The ALJ also determined that Petitioner "is able to perform her past relevant work as a book keeper *as she performed it*." *Id.* (emphasis added). Therefore, the ALJ concluded, "[t]hrough the date last insured, the claimant's past relevant work as a book keeper (*as she*

**MEMORANDUM DECISION AND ORDER - 10**

*performed it*) did not require the performance of work-related activities precluded by the claimant's residual functional capacity." (AR 21) (emphasis added). Again, this finding is supported by the evidence and reflects the correct application of the law.

There are three possible tests for determining whether a claimant retains the capacity to perform his or her past relevant work: (1) whether the claimant retains the capacity to perform a past relevant job based on a broad, occupational classification of the job; (2) whether the claimant retains the capacity to perform the particular functional demands and job duties specific to a previous job as she actually performed it; and (3) whether the claimant retains the capacity to perform the functional demands and job duties of the job as ordinarily required by employers throughout the national economy. SSR 82-61; *see also Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) ("We have never required explicit findings at step four regarding a claimant's past relevant work both as generally performed and as actually performed."). Here, the ALJ applied the second test and found Petitioner capable of performing her past relevant work. (AR 22).

Because the ALJ's findings concerning Petitioner's past relevant work and her capacity to perform such past relevant work represent a reasoned application of the law supported by substantial evidence, these findings need not be revisited on remand.

## IV.

## CONCLUSION

The ALJ's decision contains a reversible error regarding the Petitioner's last date insured. Therefore, the case must be remanded. However, upon remand, the ALJ's finding that Petitioner's previous employment as a book keeper constitutes past relevant work, may stand, as

**MEMORANDUM DECISION AND ORDER - 11**

it is based on substantial evidence in the record. While this judge may have come to a different conclusion, the ALJ met the standard required under the law.

V.

**ORDER**

Based on the foregoing, Petitioner's request for review is GRANTED. The Commissioner's decision that Petitioner is not disabled within the meaning of the Social Security Act is reversed and this matter is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum Decision and Order. *See Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991).



DATED: **August 8, 2008**.

_____
Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 12**